UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NORTHROP GRUMMAN TECHNICAL SERVICES, INC., an Oklahoma corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>TRAX INTERNATIONAL CORPORATION, a Nevada corporation,<br><br>            Defendant. | Case No.: 2:11-cv-00244-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Temporary Restraining Order–#2) |

Before the Court is Plaintiff Northrop Grumman Technical Services, Inc.'s **Motion for Temporary Restraining Order** (#2), filed February 14, 2011.

**BACKGROUND**

This dispute arises out of the alleged breach of a contract between Northrop and TRAX International Corporation. The following facts are as alleged by Northrop. Sometime in 2008 or before, Northrop and TRAX jointly prepared and submitted a bid to the United States Government (the "Government") for work to be done in relation to the Yuma Proving Ground (the "Project"). The Government awarded the contract to TRAX and TRAX then entered into a subcontract with Northrop as required by their prior contractual arrangement.

1

1    This subcontract required TRAX to extend the subcontract with Northrop if the
2    Government elected to extend the prime contract with TRAX.  Also, the subcontract forbade
3    TRAX from soliciting any of Northrop's employees working on the Project during the length of
4    the Project and for six months thereafter.  However, Northrop alleges that the Government has
5    extended the prime contract and yet TRAX either refuses to extend the subcontract or to fund
6    future payments to Northrop if it extends the subcontract.  Further, TRAX has allegedly begun to
7    solicit all of Northrop's employees working on the Project, offering them the same pay and
8    benefits as they currently receive from Northrop.
9    Accordingly, Northrop filed this suit alleging (1) breach of contract, (2) breach of
10   the covenant of good faith and fair dealing, (3) unfair competition, and (4) declaratory judgment.
11   In the current motion, Northrop seeks to temporarily restrain TRAX from attempting to hire away
12   Northrop employees.  For the reasons discussed below, the Court denies this motion.

**DISCUSSION**

**I.    TRO Standard**

15   Under Rule 65(b) of the Federal Rules of Civil Procedure, plaintiffs seeking a
16   temporary restraining order must establish: (1) a likelihood of success on the merits, (2) a
17   likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips
18   in their favor, and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council,*
19   *Inc.*, 129 S. Ct. 365, 374 (2008).  Applying *Winter*, the Ninth Circuit has since held that, to the
20   extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable."
21   *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Thus, a party must satisfy each of
22   these four requirements.

**II.   Analysis**

24   Northrop fails in its TRO motion in at least two regards.  First, Northrop has failed
25   to show a likelihood of irreparable harm.  Second, Northrop has failed to adequately demonstrate
26   that a TRO is in the public interest.

AO 72
(Rev. 8/82)

### A. Likelihood of Irreparable Harm

Northrop claims that it will be irreparably harmed if TRAX is permitted to hire away its 76 employees currently working on the Project. To support this contention, Northrop claims that most of these employees have over ten years of experience and some even have over 20 years. Further, Northrop claims to have invested money and time in training these employees and helping them maintain certifications. Accordingly, Northrop claims that losing these employees would limit its ability to obtain future government contracts, at least in the near term.

The Court finds that these arguments are insufficient to show irreparable harm. Money damages are sufficient to recompense Northrop for the loss of any employees who chose to quit and begin working for TRAX because of the alleged breach of contract. Also, if Northrop can prove any other loss based on the alleged breach, such as a failure to obtain a separate contract, money damages will suffice.

Further, the irreparable harm must be imminent for the Court to grant a TRO. *Caribbean Marine Serv. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Here, the hiring away of the employees may be imminent, but the possibility of losing future government contracts is not. Also, Northrop failed to show that the loss of any future contract was likely rather than merely possible. *See Winter*, 129 S. Ct. at 374. Since Northrop has failed to show a likelihood of irreparable harm, the Court denies the motion.

### B. Public Interest

Northrop also argues that enjoining TRAX from hiring away its employees is in the public interest. Northrop argues that it is in the public interest to promote a fair, competitive environment for government bidding and subcontracting. However, it would not be in the public interest for the Court to either force TRAX to maintain a business relationship that it no longer wants or to prevent Northrop's employees from joining TRAX and continuing the jobs that they have been doing for the last two years if they so desire.

/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (#2) is DENIED.

Dated: February 15, 2011.

_____
ROGER L. HUNT
Chief United States District Judge